KITCHENS, PRESIDING JUSTICE, DISSENTING: ¶ 32. The chancellor’s having ordered Dale Patrick Miller to absent himself from the courtroom with no ability to monitor the proceedings or consult with counsel violated Miller’s rights guaranteed by Article 3, Section 25, of the Mississippi Constitution. I cannot join the majority’s determination that this was harmless error. I would reverse and remand this case for a new trial. ¶ 33. Article 3, Section 25, of the Mississippi Constitution states: “[n]o person shall be debarred from prosecuting or defending any civil cause for or against him or herself, before any tribunal in the state, by him or herself, or counsel, or both.” Miss. Const. art. 3, § 25. The word “ ‘debar’ means ‘1. To bar or exclude: shut out. 2. To forbid, hinder, or prevent.’ ” Dunn v. Yager, 58 So.3d 1171, 1189 (Miss. 2011) (quoting Webster’s II New College Dictionary 290 (1995)). And “[t]o ‘prosecute’ means ‘1. To pursue or persist in so as to finish.... 3.a. To initiate legal or criminal court action against, b. To seek to enforce or obtain by legal action.’ ” Dunn, 58 So.3d at 1189 (quoting Webster’s II New College Dictionary 888 (1995)). Thus, this Court has held “the plain language of Article 3, Section 25[,] lends itself to permitting a civil litigant, his or her counsel, or both, not only [to commence] the legal action, but also [to bring] it to completion.” Dunn, 58 So.3d at 1189. ¶ 34. This Court has found that Article 3, Section 25, guarantees a civil litigant a constitutional right to participate in closing argument even though that litigant is represented by counsel. Id, And in a child-custody-modification case in which the minor child has been made a party,-the Court of Appeals has found that, so long as the child remains a party, the chancellor’s order prohibiting the minor child’s attorney from consulting with the child about the trial violates Article 3, Section 25. In re E.C.P., 918 So.2d 809, 826-27 (Miss. Ct. App. 2005). ¶ 35. Article 3, Section 25, protects a litigant’s right to hear an opposing witness’s testimony and consult with his legal counsel about the same. A litigant’s ability to consult with his attorney is such a fundamental component of our adversarial system of justice that it constitutes an essential element of a criminal defendant’s competence to ’ stand trial. Sanders v. State, 9 So.3d 1132, 1135 (Miss. 2009) (quoting Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 788-89, 4 L.Ed.2d 824, 825 (1960)). A litigant who is denied the opportunity to observe or even hear a witness’s testimony loses his ability to consult with his attorney about that testimony. ¶ 36. This is not to say that the Constitution guarantees a civil litigant the right always to be physically present in the courtroom. Our Rules of Evidence recognize that other means exist to provide litigants an opportunity to observe testimony while protecting witnesses from neg-atiye effects likely to be created by a litigant’s physical presence. See- Miss. R. Evid. 617. But Article 3, Section 25, requires, trial judges .to provide someworka-ble mechanism for litigants to. consult with counsel, and to observe the testimony of every witness, in order to make informed decisions as to whether or how to proceed “by him or herself, or counsel, or both.” Miss. Const, art. 3, § 25. ¶37. Here, over Miller’s objection, the chancellor failed to provide such a mechanism. Miller timely asserted his right to observe the alleged victim’s testimony, but the chancellor excluded, him -from the courtroom without providing any way for him.to observe the testimony or consult, contemporaneously, with counsel. This violated Miller’s rights under Article 3, Section 25.[4] ¶ 38. Outside Miller’s presence, the alleged victim testified not only about the alleged abuse, but also provided a lengthy account about Miller’s relationship with Morgan and Smitty, the children whose custody was at issue. The. chancellor ultimately held that Miller did not stand.in loco parentis with Smitty and, against the recommendation of the guardian ad litem, denied his request for custody. The majority finds that Miller’s exclusion from the courtroom was error, but then divines that Miller.was. not prejudiced by such exclusion. Our review of the record does not allow us to discern whether, had Miller been present for the alleged victim’s .testimony, he might have suggested cross-examination questions to his counsel concerning parts of her testimony. And we cannot say that he would not have chosen to cross-examine her himself. An inherent uncertainty arises‘when a trial judge unconstitutionally denies a litigant his right to participate fully in the trial court litigation. In view of that uncertainty, we cannot know whether Miller’s exclusion from the courtroom prejudiced or otherwise affected his defense. KING, J., JOINS THIS OPINION, ; I do not address a situation in which a litigant's conduct necessitates his or her re.-moval from the courtroom for the purpose of maintaining order, since that factor was not present in this instance,